**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOHANN HARDY** | * | **CIVIL ACTION NO.:** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **MOHAMMED RAEES NASIBULLAH** | * | |
| **HAJ TRANSPORTATION, INC. AND,** | * | **MAG. JUDGE** |
| **CANAL INSURANCE COMPANY** | * | |
| | * | |
| | * | **JURY TRIAL** |

    *    *    *    *    *    *    *    *    *    *    *    *

## NOTICE OF REMOVAL

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA:**

NOW INTO COURT, through undersigned counsel, come Defendants, MOHAMMED RAEES NASIBULLAH, HAJ TRANSPORTATION, INC. and CANAL INSURANCE COMPANY, (hereinafter sometimes "Defendants") who respectfully file this Notice of Removal of the cause from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446. Defendants file this Notice of Removal with full reservation of any and all rights, defenses and objections. In support of this Notice of Removal, MOHAMMED RAEES NASIBULLAH, HAJ TRANSPORTATION, INC. and CANAL INSURANCE COMPANY, state as follows:

## I. INTRODUCTION

1.

The Plaintiff's lawsuit arises from a February 10, 2021 automobile accident in Baton Rouge, Louisiana in which Plaintiff, Johann Hardy, was the driver of a 2002 Cadillac Seville. In

the accident, Plaintiff was in a side-swipe collision with a tractor-trailer operated by Mohammed Raees Nasibullah.  Nasibullah was driving a HAJ Transportation, Inc. tractor-trailer at the time of the accident.  Plaintiff alleges that HAJ Transportation, Inc.is vicariously liable for the acts of Mohammed Raees Nasibullah.  Plaintiff alleges that Canal Insurance Company, as liability insurer of Nasibullah and HAJ Transportation, Inc. is the solidarily liable with Nasibullah and HAJ Transportation, Inc.

3.

On January 26, 2022, Plaintiff filed the subject lawsuit against Nasibullah and HAJ Transportation, Inc., and Canal Insurance Company in the 19th District Court for the Parish of East Baton Rouge, State of Louisiana, Docket No. C-715340, Sec. 23 entitled, *Johann Hardy v. Mohammed Raees Nasibullah, HAJ Transportation, Inc., and Canal Insurance Company,* a copy of which is attached hereto as **Exhibit 1**. However, Plaintiff withheld all service on the lawsuit at that time.

4.

By correspondence dated March 31, 2022, Plaintiff requested that service of process be issued to Defendants, Nasibullah and HAJ Transportation, Inc., and Canal Insurance Company.

5.

Service was requested on Mohammed Raees Nasibullah through the Louisiana Long-Arm Statute, and Mr. Nasibullah received service on or about April 20, 2022.

6.

Service was requested on HAJ Transportation, Inc. through the Louisiana Long-Arm Statute, and HAJ Transportation, Inc. received service on or about April 20, 2022.

7.

Service was requested on Canal Insurance Company through its agent for service of process in Louisiana, the Louisiana Secretary of State, and Canal Insurance Company received service of process on or about April 13, 2022.

8.

Defendants present that Plaintiff acted in "bad faith" to prevent the Defendants from removing the lawsuit to federal court by (1) failing to include a general allegation in the Petition for Damages that the amount in controversy exceeds or is less than the amount required for federal jurisdiction, (2) deliberately denying on September 23, 2022 a Request for Admission that the amount in controversy exceeds $75,000, exclusive of interest and costs, and (3) then, without any good cause, amending his response to Defendants' Request for Admission only after the one-year time limitation for removal to now admit that the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.

All Defendants that are currently parties to the subject lawsuit join in and consent to the Removal of Plaintiff's lawsuit to the United States District Court for the Middle District of Louisiana.

## II. DIVERSITY JURISDICTION EXISTS

10.

Plaintiff, Johann Hardy, is a resident and citizen of the State of Louisiana.

11.

Defendant, Mohammed Raees Nasibullah, is a resident and citizen of the State of Texas.

12.

Defendant, HAJ Transportation, Inc., is a corporation organized and existing under the laws of the state of Texas having its principal place of business in the state of Texas. Therefore, HAJ Transportation, Inc. is a citizen of the State of Texas.

13.

Defendant, Canal Insurance Company, is a corporation organized and existing under the laws of the state of South Carolina having its principal place of business in the state of South Carolina. Therefore, Canal Insurance Company, is a citizen of the State of South Carolina.

14.

Accordingly, there is complete diversity between Plaintiff and Defendants. As of the date of this filing of this Notice of Removal, Plaintiff has not named any other Defendants.

## III.    THE AMOUNT IN CONTROVERSY IS SATISFIED

15.

La. Code Civ. P. art. 893 specifically prohibits the Plaintiff from pleading of the amount of monetary damages sought, and Plaintiff's *Petition for Damages* does not set forth the specific amount of damages sought. However, Plaintiff's original *Petition for Damages* did not comply with the Louisiana Code of Civil Procedure. More specifically, the *Petition for Damages* was deficient in that it did not contain a general allegation that the claims were more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La. Code Civ. P. art. 893.

16.

At Paragraph 8 of the Petition for Damages, in reference to the alleged injuries Plaintiff alleged:

8.

As a direct result of personal injuries sustained by plaintiff as a consequence of the motor vehicle accident made the subject of this proceeding, he has incurred and will continue to incur medical expenses which he is entitled to recover, including, but not limited to, diagnostic and treatment expenses, hospital charges, surgical costs, chiropractic treatment, prescription medication charges, rehabilitation and/or physical therapy charges, related travel expenses and/or any other related and necessary expenses.

**Exhibit 1**, Petiton for Damages, para. 8.

17.

At Paragraph 10 of the Petition for Damages, Plaintiff asserted that all defendants are solidarily liable:

10.

Plaintiff alleges on information and belief that at all times material to this proceeding there was in full force and effect a policy of automobile liability insurance issued by defendant, Canal Insurance Company (hereinafter "Canal"), insuring the tractor and flatbed trailer Nasibullah was driving at the time of the motor vehicle accident made the subject of this proceeding, which policy serves to indemnify Nasibullah and/or HAJ for the negligence and/or fault described hereinabove, and Canal is liable *in solido* with Nasibullah and/or HAJ for all damages due plaintiff.

*Id*. at para. 10.

18.

At Paragraph 12 of the Petition for Damages, Plaintiff alleged that the damages exceed $10,000, the requisite amount for trial by jury pursuant to La. Code Civ. P. art. 1732(1). *Id*. at para. 12.

19.

On May 24, 2022, Defendants filed a *Dilatory Exception of Vagueness and Ambiguity* praying that the Plaintiff amend his Petition for Damages to state whether the amount in

controversy exceeds or is less than the requisite amount for federal court diversity jurisdiction in accordance with La. Code Civ. P. art. 893.  The Defendants' Dilatory Exception was set for hearing on October 31, 2022.  **Exhibit 2**, *Answer and Dilatory Exceptions to the Petition for Damages and Amended Petition for Damages, Memorandum in Support of Dilatory Exceptions to the Petition for Damages,* and Notice of Hearing.

20.

In advance of the October 31, 2022 hearing on Defendants' Dilatory Exceptions, Plaintiff produced to Defendant post-accident medical records which demonstrate the following:

- Emergency Room treatment on the date of the subject accident, February 10, 2021, with complaints of right elbow, forearm, and wrist pain as well as left knee pain.

- Chiropractic Treatment and pain relief injections at Medical Spine/Spine & Sports Injury & Rehab Center (Jasmine Scott, DC) for complaints of neck, left shoulder, bilateral elbow, bilateral forearm, chest, back, radiating back, bilateral hip, and left knee pain from March 2, 2021 through July 8, 2021.

- Post-accident cervical and lumbar MRI reports showing facet hypertrophy at C3 through C7 in the cervical spine.  Facet hypertrophy at L3-4 and L4-5 with a disc herniation at L5-S1.

- Medical expenses between $15,000 and $18,000.

- Suggestion of possible future epidural steroid injection that was not obtained.

- The Plaintiff's last date of treatment was July 8, 2021.

**Exhibit 3**, Relevant medical records of Plaintiff; **Exhibit 4**, Correspondence 9/30/22 confirming last date of treatment of 7/8/21.

21.

On September 23, 2022, counsel for Plaintiff confirmed in email correspondence to Defendants that the amount in controversy did not exceed $75,000: "Please allow me to hereby certify that there is currently no reason to believe that the value of my client's claim for damages exceeds the principal amount of $75,000.00." **Exhibit 5**.

22.

On September 23, 2022, Plaintiff responded to Defendants' *Request for Admission* denying that the amount of damages which he was claiming in the lawsuit exceeds the amount in controversy required for federal court diversity jurisdiction. **Exhibit 6**.

23.

By separate email correspondence on September 23, 2022, counsel for Plaintiff again confirmed that the lawsuit "is not ripe for removal to USDC." **Exhibit 7.** Again, on October 4, 2022, counsel for Plaintiff confirmed that the lawsuit "is not ripe for removal." **Exhibit 8.**

24.

After unsuccessful settlement discussions with Plaintiff for amounts less than $75,000, on February 17, 2023, shortly after the one-year anniversary of Plaintiff's lawsuit, counsel for Plaintiff notified counsel for Defendants that Plaintiff intends to amend the Response to Request for Admission to assert that the amount in controversy does exceed $75,000.00, exclusive of interest and costs. **Exhibit 9**.

25.

On March 1, 2023, Plaintiff submitted to Defendants an *Amended Response to Request for Admission* in which Plaintiff admits that the amount of damages Plaintiff is claiming in the lawsuit exceeds $75,000.00, exclusive of interest and costs. **Exhibit 10.**

26.

A federal court has "diversity jurisdiction" when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a).

27.

The removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000); *see also De Aguilar v. Boeing Co*., 47 F.3d 1404, 1407 (5th Cir. 1995) (Where a petition does not include a specific monetary demand, the removing defendant "must produce evidence …that the actual amount in controversy exceeds" $75,000.). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp*., 814 F.3d 236, 240 (5th Cir. 2015).  "The required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Id*. (*quoting Berniard v. Down Chem. Co*., 481 Fed.Appx. 859, 862 (5th Cir. 2010)). If the removing defendant carries its burden, remand is warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed $75,000. *See De Aquilar v. Boeing Co*., 47 F.3d 1404, 1411 (5th Cir. 1995).

28.

When a plaintiff affirmatively alleges the amount in controversy, a federal court should only decline jurisdiction if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Williams v. EAN Holdings, L.L.C.,* 2015 WL 70800952, at *3 (W.D. La.

Nov. 13, 2015) (*quoting St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938)).

29.

Here Plaintiff affirmatively alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs, by operation of his *Amended Response to Request for Admission* to affirmatively admit that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the Plaintiff's Response to Request for Admission establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

30.

Based upon the documents presented by Plaintiff to Defendants, it reasonably appears that the amount in controversy claimed by Plaintiff exceeds $75,000.00, exclusive of interest and costs.  Defendants are mindful of and acknowledge that this Court has considered that the reasonable damages in non-surgical ruptured disc cases with injection treatment only generally do not exceed $75,000.  This Court has issued orders stating that a general review of quantum cases demonstrates that general damages awards for multiple bulging discs often do not exceed $30,000-$45,000, even where the plaintiff is treated with steroid injections.  This Court has cited *Clement v. Carbon*, 13-827 (La. App. 5 Cir. 4/19/14), 153 So.3d 460, 464    (affirming award of $30,000 in general damages for bulging disc at C5-6); *Mixter v. Wilson*, 10-464 (La. App. 5 Cir. 12/14/10), 54 So.3d 1164, 1169 (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections) and *Holford v. Allstate Ins. Co.*, 41,187 (La. App. 2 Cir. 2006), 935 So.2d 758, 763 (affirming general damages award of $25,000 for "chronic back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the accident).

31.

In the instant case, however, although initially denying that the amount in controversy exceeds $75,000, the Plaintiff now reversed his assertions and admits that he seeks an amount in in excess of $75,000, exclusive of interest and costs.  Defendants have identified one verdict in the 19th Judicial District Court in which a Plaintiff with an annular fissure in the lumbar spine was treated conservatively with a chiropractic care and one epidural steroid injection was awarded $83,000 in general damaged in addition to $17,934.85 in medical specials.  *Vernita Riley v. Safeco Insurance Company of Oregon, et al*., No. C646965, Sec. 26, 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (**Exhibit 11**).

32.

In accordance with the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 USC 1332(a) and is one which may be removed by this Court, by Defendants pursuant to 28 USC 1441 in that it is a civil action wherein the matter in controversy exceeds $75,000.00, exclusive on interests and costs, and is between citizens of different states.

## IV.    THE NOTICE OF REMOVAL IS TIMELY

33.

The removal is timely pursuant to the "Bad Faith Exception" to the one-year time limit for removals codified at 28 USC §1446(c)(1). A diversity case where the initial pleading is not removable may not be removed more than one year after the commencement of the action unless the district court finds that the Plaintiff has acted in bad faith in order to prevent the Defendant from removing the action. 18 U.S.C. §1446(c)(1).  In this case, Defendants file this Notice of

Removal more than one year after the commencement of the action and demonstrate bad faith on the part of Plaintiff, Johann Hardy, to show that this matter is removable to Federal Court.

34.

The bad faith exception applies where the plaintiff engages in strategic gamesmanship to prevent a Defendants removal from State Court. *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014).   Conduct rises to the level of "bad faith" when a party makes a transparent attempt to avoid federal jurisdiction. *Carey v. Allstate Ins. Co*., 2013 WL 5970487, at *3 (W.D. La. Nov. 7, 2013)).  Plaintiff's refusal to acknowledge the amount in controversy until more than one year after initiating an action is de facto evidence of bad faith. *See* 28 U.S.C. §1446(c)(3)(B). ("If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith[.]") Moreover, the timing of the change in amount in controversy is important. When a Plaintiff reveals that the amount in controversy exceeds $75,000 within short proximity after the one-year deadline, the Courts have determined that the "bad faith" exception applies.  *See*, *Cameron v. Teeberry Logistics, LLC*, 920 F. Supp. 2d 1309, 1316 (N.D. Ga. 2013); *Brown v. Wal-Mart Stores, Inc*., 2014 WL 60044, at *2 (W.D. Va. Jan.7, 2014).

35.

Plaintiff acted in "bad faith" to prevent the Defendants from removing the lawsuit to federal court by: (1) failing to include a general allegation in the *Petition for Damages* that the amount in controversy exceeds or is less than the amount required for federal jurisdiction, (2) deliberately denying on September 23, 2022 a *Request for Admission* that the amount in controversy exceeds $75,000, exclusive of interest and costs, and (3) then, without good cause,

amending his response to Defendants' Request for Admission, only shortly after the one-year time limitation for removal, to only now admit that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's maneuvering is a transparent attempt avoid federal jurisdiction and deprive Defendants of the opportunity for removal.

36.

This *Notice of Removal* is properly filed within thirty (30) days of Plaintiff's Amended Response to Request for Admission on March 1, 2023, the first papers from which it may be ascertained that the case is removable.

37.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

38.

Defendants reserve the right to amend or supplement this Notice of Removal.

39.

Defendants reserve all rights, defenses, and objections, including, without limitation, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause of action.

## **JURY DEMAND**

40.

Defendants are entitled to and request a trial by jury on all issues herein.

WHEREFORE, Defendants, MOHAMMED RAEES NASIBULLAH, HAJ

TRANSPORTATION, INC. and CANAL INSURANCE COMPANY, pray that the action entitled *Johann Hardy v. Mohammed Raees Nasibullah, HAJ Transportation, Inc., and Canal Insurance Company*, 19th District Court for the Parish of East Baton Rouge, State of Louisiana, Docket No. C-715340, Sec. 23, be removed from the state court docket to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/ Trent P. Roddy*

_____

**GUY D. PERRIER, T.A. #20323**
**TRENT P. RODDY, #29404**
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
gperrier@perrierlacoste.com
troddy@perrierlacoste.com
Tel: (504) 212-8820
Fax: (504) 212-8825
**ATTORNEYS FOR DEFENDANT,**
**MOHAMMED RAEES NASIBULLAH,**
**HAJ TRANSPORTATION, INC. and**
**CANAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this **20th** day of **March, 2023**, at their last known address of record.

*/s/ Trent P. Roddy*

_____

TRENT P. RODDY